# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3953 | **DATE** | 3/13/2002 |
| **CASE TITLE** | Pogwizd, et al. vs. Dynamic Security, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Correct Order and for further relief

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Oral argument held. Enter Memorandum Opinion and Order. Plaintiff, Kenneth Pogwizd's oral motion to amend on it face his motion to correct order to reflect that the motion is brought pursuant to F.R.C.P. 60(a) rather than 60(b)(6) is granted. Plaintiff's motion to correct order is granted and an amended agreed order of dismissal is entered nunc pro tunc to correct the minute order dated 7/31/01 and the agreed order of dismissal dated 7/23/01. Defendant's motion for sanctions against Plaintiff Kenneth Pogwizd for failure to attend settlement conferences is denied. Defendant's motion for costs pursuant to F.R.C.P. 54 and 28 U.S.C. Section 1920 by Defendant Dynamic Security, Inc. against Plaintiff Kenneth Pogwizd has the following schedule: Bill of Costs due 4/12/02. Plaintiffs objections due 4/26/02. Ruling to be made by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 1 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 74 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 3/13/2002 | |
| | | | date mailed notice | |
| DK | courtroom deputy's initials | Date/time received in central Clerk's Office | DK mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 5 2002

| | |
|---|---|
| KENNETH W. POGWIZD and BEVERLY ROSS, | |
| Plaintiffs, | Case No. 97 C 3953 |
| v. | Magistrate Judge Morton Denlow |
| DYNAMIC SECURITY, INC., | |
| Defendant. | |

## AMENDED AGREED ORDER OF DISMISSAL

This Court grants Plaintiff Kenneth W. Pogwizd's Motion to Correct Order and amends its Agreed Order of Dismissal dated July 23, 2001 and its minute order of July 31, 2001 to read as follows:

This cause coming to be heard by agreement of the Plaintiff, Beverly Ross, and the Defendant, Dynamic Security, Inc., and the parties having advised the Court that this case has been settled between these two parties, and that all issues and controversies have been resolved to the mutual satisfaction of these two parties:

**IT IS HEREBY ORDERED:**

1. That this case as between Plaintiff, Beverly Ross, and Defendant, Dynamic Securities, Inc. is dismissed, with prejudice, each party shall bear its own attorney's fees and costs.

2. By consent of the parties, the Court shall retain jurisdiction solely for the purpose of enforcing the terms of the settlement through September 24, 2001.

3. Nothing in this order is intended to affect the rights or obligations of Plaintiff Kenneth W. Pogwizd.

ENTER:

Dated: March 13, 2002
Nunc Pro Tunc to correct the Agreed
Order dated July 23, 2001 and the
minute order dated July 31, 2001

_/s/ Morton Denlow_
MORTON DENLOW
United States Magistrate Judge

DOCKETED
MAR 15 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH W. POGWIZD and BEVERLY ROSS, | ) ) ) |
| Plaintiffs, | ) ) Case No. 97 C 3953 |
| v. | ) ) Magistrate Judge Morton Denlow |
| DYNAMIC SECURITY, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is currently on appeal before the Seventh Circuit Court of Appeals, appeal number 01-3191. On February 26, 2002, the Court of Appeals entered an order granting the parties leave to file a motion within seven days under Fed. R. Civ. P. 60(a) to correct this Court's judgment "to show what actually happened." On February 28, 2002, Plaintiff, Kenneth W. Pogwizd, filed a Motion to Correct Order[1] and for Further Relief. On March 12, 2002, Defendant faxed the Court its Response to Plaintiff's Motion and in the Alternative, a motion for FRCP Costs or Sanctions. Oral argument on this motion was held on March 13, 2002.[2] For the reasons stated at the oral argument and summarized herein, Plaintiff's motion

---

[1] Plaintiff's motion was originally brought under Rule 60(b)(6), however the Court granted Plaintiff's oral motion to amend the motion on its face as a Rule 60(a) motion in order to comply with the Seventh Circuit's order.

[2] A transcript of the March 13, 2002 oral argument will be forwarded to the Seventh Circuit as soon as it is transcribed.

to correct judgment is granted, Defendant's motion for sanctions is denied, and Defendant is granted until April 12, 2002 to file its bill of costs against Plaintiff, Kenneth W. Pogwizd, and Plaintiff is granted until April 26, 2002 to file any objections to the bill of costs. A prompt ruling on the bill of costs will be made by mail.

I. PROCEDURAL BACKGROUND

Plaintiffs Kenneth W. Pogwizd ("Pogwizd") and Beverly Ross ("Ross") filed their complaint against defendant, Dynamic Security, Inc. ("Defendant") on May 30, 1997. On February 23, 1999, District Judge Blanche M. Manning referred the case to this Court for the purpose of conducting a settlement conference. On April 8, 1999, a settlement conference was held. The Court made a settlement recommendation which was rejected by the parties on April 13, 1999. This Court closed the referral on April 14, 1999.

Thereafter, the Defendant filed its motion for summary judgment against both Plaintiffs. On August 3, 2000, Judge Manning granted summary judgment in favor of Defendant on all of Pogwizd's claims and on certain of Ross' claims. Judge Manning denied summary judgment as to Ross' Title VII hostile work environment claim based on racial discrimination. On January 23, 2001, Judge Manning denied Defendant's motion for reconsideration of its ruling denying Defendant's motion for summary judgment on Ross' hostile work environment claim.

On June 8, 2001, the case was referred again to this Court for the purpose of conducting a settlement conference. On July 23, 2001, this Court conducted a settlement conference attended by Ross, her counsel David Schippers, Defendant's Chief Financial

2

Officer Richard Dickinson, and Defendant's counsel Susan Reeves. At the conclusion of the settlement conference, the parties entered into an oral settlement agreement which included a confidentiality requirement and was therefore not placed on the record. The Court has reviewed its notes of the settlement conference and has a recollection of the settlement reached. The settlement related only to the claims between Ross and Defendant.

At the conclusion of the settlement conference, the parties also executed consents to this Court's jurisdiction dated July 23, 2001, and executed an Agreed Order dated July 23, 2001. This was a form order which was filled out and signed. On July 26, 2001, the case was reassigned to this Court pursuant to the consents and the Agreed Order of July 23, 2001 and an accompanying minute order dated July 31, 2001 were entered on the docket on August 1, 2001. By consent of the parties, the Court retained jurisdiction to enforce the terms of the settlement through September 24, 2001. *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 381, 114 S.Ct. 1673, 1677 (1994); *Herrnreiter v. CHA*, No. 01-3202 (7th Cir. February 13, 2002) at 5. No relief was sought from this Court after the settlement conference through September 24, 2001.

Based on the statements of counsel at the oral argument on March 13, 2002, the settlement documents were prepared and executed only between Ross and Defendant. No moneys were paid to Pogwizd nor did he sign any release or settlement agreement arising out of the July 23, 2001 settlement. Defendant signed no document waiving its rights to seek court costs against Pogwizd.

The Court is today entering an amended order to correct any clerical error which appears in the July 23, 2001 Agreed Order and the July 31, 2001 minute order to clarify that the parties only settled the Ross portion of the case. Nothing in either order was intended to affect the rights or obligations of Pogwizd.

## II. NO SANCTIONS ARE TO BE AWARDED

The Seventh Circuit also requested this Court to address the issue of whether sanctions are appropriate against Pogwizd for his failure to attend the two settlement conferences. As this Court explained in the oral argument on March 13, 2002, no sanctions are appropriate by reason of Pogwizd's failure to attend the two settlement conferences. Mr. Schippers took full responsibility for his client's failure to attend the first settlement conference and given his explanation at the time, the Court decided sanctions were neither appropriate nor necessary. A full settlement conference took place but the case did not settle. No sanctions will be awarded arising out of the second settlement conference because Pogwizd's claim had already been disposed of on summary judgment, and the parties were only negotiating Ross' claim. The Court did not expect Pogwizd to attend because his claim had already been adjudicated.

## III. BILL OF COSTS

On the issue of costs, the parties have now entered into a limited consent for this Court, rather than Judge Manning, to decide the issue of costs. Due to Ms. Reeves' busy trial schedule, the Court has granted her until April 12, 2002 to file a bill of costs, and Pogwizd has until April 26, 2002 to object. The Court will rule promptly after receiving the parties'

submissions. The bill of costs relates only to Defendant's claim against Pogwizd.

## IV. CONCLUSION

This Court regrets the confusion caused by the entry of its July 23, 2001 Agreed Order and the July 31, 2001 minute order resolving the dispute between Beverly Ross and Dynamic Security, Inc. Hopefully, this opinion and the transcript of the March 13, 2002 hearing will clarify the situation and answer the questions posed by the Seventh Circuit. For the reasons stated in this opinion, Plaintiff's motion to correct judgment is granted, Defendant's motion for sanctions is denied and a schedule is set to decide Defendant's request for court costs against Pogwizd.

**SO ORDERED THIS 13th DAY OF MARCH, 2002.**

_____
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies mailed to:**

David P. Schippers
Schippers & Bailey
20 North Clark Street
Suite 3600
Chicago, IL 60602

Attorney for Plaintiffs

Susan William Reeves
714 South 29th Street
Birmingham, AL 35233-2810

Alan King
Gardner, Carton & Douglas
321 N. Clark Street
Suite 3400
Chicago, IL 60610-4799

Attorneys for Defendant